UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE TURNER,

        Plaintiff,

Case No. 1:16-cv-7

Hon. Gordon J. Quist

v.

UNKNOWN TACKETT,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner in the custody of the Michigan Department of Corrections (MDOC) pursuant to 42 U.S.C. § 1983. This matter is now before the Court on defendant's motion for summary judgment (docket no. 6) and plaintiff's motion to amend the complaint (docket no. 10).

**I.**    **Background**

Plaintiff is confined to a wheelchair. The alleged incidents occurred at the Oaks Correctional Facility (ECF). His complaint alleged that on August 30, 2014, as he attempted to exit his cell in the wheelchair, defendant Tackett, who was working in the security bubble, "electronically closed the 300 pound steel door trapping Plaintiff's left hand pinky finger in between the wall and door for 2 or more minutes." Compl. at PageID.3-4. Plaintiff's finger was severely injured in the incident. *Id*. at PageID.4. As a result of the injury, plaintiff required off-site surgery and suffered permanent nerve damage to the finger. *Id*. Plaintiff alleged that defendant Tackett violated his Eighth Amendment right to be free from cruel and unusual punishment for causing plaintiff to suffer

"unnecessary and wanton infliction of pain which served no penological justification or government interest that resulted in Plaintiff suffering irreparable harm." *Id*. In this regard, plaintiff alleged that defendant Tackett stated to plaintiff that "you [expletive deleted] inmates know I slam doors fast" and "[y]ou guys have to be quicker." *Id*. The Court ordered service of the complaint.

Defendant Tackett moved for summary judgment on the merits because he was not working at the security bubble on that date. In addition, Tackett asserts Eleventh Amendment immunity and qualified immunity. *See* Defendant's Brief (docket no. 7, PageID.28-36). Plaintiff did not respond to defendant's motion for summary judgment. Rather, about 2 1/2 months later, plaintiff filed a motion to amend the complaint. The proposed amended complaint makes alternative allegations that either defendant Tackett or another MDOC employee, "Unknown Hoffman" operated the door. Plaintiff seeks to add "Unknown Hoffman" as a defendant because several of the prisoners at the scene "identified Defendants Tackett and Hoffman." Proposed Amend. Compl. (docket no. 10-1, PageID.62). Plaintiff's proposed amended complaint contains four counts against plaintiff: Count I ("Defendants violated Plaintiff's rights under the 8th and 14th Amendment"); Count II ("Defendants violated Plaintiff's rights under the A.D.A. [Americans with Disabilities Act or ADA]"); Count III ("Defendants violated Plaintiff's rights under the Rehabilitation Act" [RA]); and Count IV ("Defendant acted contrary to state law Prohibiting Gross Negligence"). *Id*. at PageID.62.

## II. Discussion

### A. Plaintiff's motion to amend

As an initial matter, the Court will address plaintiff's motion to amend, because the filing of an amended complaint would render defendant Tackett's motion for summary judgment on

the original complaint moot. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Because Tackett did not file an answer, the Court needs to determine whether plaintiff's proposed amended complaint was filed as a matter of course under Fed. R. Civ. P. 15(a)(1) or subject to the requirements of Fed. R. Civ. P. 15(a)(2).

Fed. R. Civ. P. 15(a) provides as follows:

**(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

The Sixth Circuit explained the operation of Rules 15(a)(1) and (2) as follows:

Federal Rule of Civil Procedure 15(a)(1) authorizes a plaintiff to amend the complaint once as a matter of course within twenty-one days of service of the complaint, a responsive pleading, or a motion to dismiss. After that twenty-one-day window has expired, a plaintiff may amend the complaint only with the court's leave or the defendants' written consent. Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) instructs the courts to "freely give leave when justice so requires" and "set[s] forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir.2001) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987)). But Rule 15(a) does not give plaintiffs unbridled authority to amend the complaint. A motion for leave to amend the complaint may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment of the complaint would be futile.

3

*Springs v. United States Department of Treasury*, 567 Fed. Appx. 438, 442-43 (6th Cir. 2014).

Here, defendant Tackett did not file an answer or a motion to dismiss, either of which could trigger plaintiff's ability to amend as a matter of course under Fed. R. Civ. P. 15(a)(1). Instead, Tackett filed a motion for summary judgment as allowed by the Court's Order for Service, which provided "that Defendant shall reply to the complaint by way of answer, motion to dismiss, *or motion for summary judgment* within the time allowed by law. *See* 42 U.S.C. § 1997e(g)(2)." Order for Service (docket no. 4) (emphasis in original). For this part, plaintiff did not file a response to Tackett's motion for summary judgment. Rather, nearly two months after the response was due, plaintiff filed his motion to amend the complaint. Given this record, plaintiff is not entitled to amend his complaint as a matter of course because he did not file the amended complaint within 21 days after service of the complaint, a responsive pleading, or a motion to dismiss under Fed. R. Civ. P. 12(b), (e) or (f). This situation falls within the catchall provision of Fed. R. Civ. P. 15(a)(2), which requires a party to obtain the opposing party's written consent or leave of court "[i]n all other cases"

Because plaintiff did not obtain defendant's consent to amend the complaint, he must obtain leave of court, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, justice does not require that plaintiff be allowed to amend his complaint. First, plaintiff's motion to file a "verified" amended complaint appears to be an attempt to make an untimely response to defendant Tackett's motion for summary judgment. *See, e.g.,* Plaintiff's Brief (docket no. 10, PageID.58) ("Defendant Tackett avers that he did not work in the bubble on the day Plaintiff was injured . . . Plaintiff contends that Tackett's denial is misleading"). In the proposed amended complaint, plaintiff alleged that "Tackett acted pursuant to custom when he overrode Plaintiff's key by activating the bubble control," and that "[i]n the alternative Defendant Hoffman

operated the door and did act pursuant to the discriminatory custom described above, and did cause Plaintiff's serious physical injury." Proposed Amend. Compl. (docket no. 10-1, PageID.61-62).

A plaintiff is permitted to set forth alternative statements of a claim. *See* Fed. R. Civ. P. 8(d)(2)-(3).[1] However, in this case, plaintiff's proposed amended complaint is an attempt to create a factual dispute in order to oppose defendant Tackett's motion for summary judgment, i.e., plaintiff now states as a fact that it may have been Hoffman, rather than Tackett who closed the door. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (a plaintiff's "verified" complaint has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment). While plaintiff can plead alternative legal theories, he cannot utilize his "verified amended complaint" to change the "facts" set forth in the original "verified complaint" for the purpose of defeating Tackett's motion for summary judgment. *See generally, McIntosh v. Thompson*, No. CV 15-56-HRW, 2016 WL 6871241 at *3 (E.D. Ky. Nov. 21, 2016) ("a party cannot create a genuine issue of material fact to avoid summary judgment merely by making new allegations that are inexplicably omitted from, materially inconsistent with, or contradict allegations previously set forth in a verified complaint or deposition testimony"). *See generally, Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("[a] party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony").

---

[1] Fed. R. Civ. P. 8(d) provides in pertinent part:

**(2) Alternative Statements of a Claim or Defense.** A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

**(3) Inconsistent Claims or Defenses.** A party may state as many separate claims or defenses as it has, regardless of consistency.

Second, under the facts in this case, justice does not require the Court to allow plaintiff to amend the complaint when the record demonstrates that the new claims are unexhausted and would be subject to dismissal. "[F]ailure to exhaust is an affirmative defense under the PLRA" to be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, in determining whether justice requires a plaintiff prisoner to amend his complaint, the Court will not ignore the record in this case, which includes plaintiff's grievance history, and demonstrates that plaintiff is attempting to amend the complaint by including unexhausted claims which would be subject to summary judgment. *See Rzeplinski v. Marsolek*, No. 14-CV-41-JDP, 2015 WL 1064815 at *1 (W.D. Wis. March 11, 2015) (finding that "there is no reason to allow plaintiff to amend his complaint at this time" under Fed. R. Civ. P. 15(a)(2) where "Plaintiff's grievance history shows that he has not exhausted his administrative remedies on this claim"); *Ramirez v. Hungness*, No. CIV.A.10-112-JMH, 2010 WL 1839015 at *2 (E.D. Ky. May 6, 2010) ("The Court need not permit the amendment of [a prisoner's] Complaint to include additional claims which would be subject to immediate dismissal for failure to exhaust administrative remedies."). *See also*, Fed. R. Civ. P. 1 (the Federal Rules of Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Here, plaintiff's MDOC Step III Grievance Report from May 2009 through March 9, 2016 indicates that plaintiff exhausted only one grievance at ECF in 2014, Grievance No. ECF-14-09-2489-17a ("2489"). *See* MDOC Grievance Report (docket no. 7-2, PageID.40). In this grievance, plaintiff stated that on August 30, 2014, "as [I] was exiting my cell [I] attempted to close my door but at the same time the unit officer was operating the controls on base and my pinky finger

on my left hand got caught in the [sic] between the door it was reported to the officer and [I] was bleeding officer Tackett approached me yelling and threatening to take me to segregation for no apparent reason." Grievance 2489 (docket no. 7-2, PageID.44). This grievance does not identify defendant Tackett as the officer responsible for closing the door on plaintiff's finger, does not refer to "Unknown Hoffman," and makes no claim that either Tackett or Hoffman violated plaintiff's Eighth Amendment rights, the ADA or the RA. Because plaintiff's grievance record reflects that his new claims are unexhausted and would be subject to dismissal on summary judgment, justice does not require that the Court allow plaintiff to amend the complaint to include these claims.

Third, plaintiff's proposed amended complaint is futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Insurance Company*, 203 F.3d 417, 420 (6th Cir. 2000). Here, plaintiff's amended complaint seeks to sue defendants Tackett and Hoffman in both their individual and official capacities for violating his rights under the ADA and the RA. These claims are futile. As this Court recently explained in a case involving a prisoner's ADA and RA claims against various MDOC employees:

> [MDOC] Defendants Pandya, Washington, McKee, and Borgerding are not proper defendants under the ADA and RA for claims against them in their individual capacities. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The RA similarly provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794. Because individuals such as Pandya, Washington, McKee, and Borgerding are not public entities providing programs or activities to which either the ADA or RA apply, they cannot be liable in their personal capacities under either Act. *See Reickenbacker v. Foster*, 274 F.3d

> 974, 975 n.9 (5th Cir. 2001) (noting that plaintiffs withdrew their individual claims in the face of a statutory argument); *Key v. Grayson*, 163 F. Supp.2d 697, 715 (E.D. Mich. 2001) (following great weight of authority holding that individuals cannot be liable under Title II of the ADA); *Calloway v. Boro of Glassboro Dept. of Police*, 89 F. Supp.2d 543, 557 (D. N.J. 2000) (collecting decisions of the Eighth Circuit and various district courts holding that individuals cannot be liable under the ADA or RA).

*Clayton v. Michigan Department of Corrections*, No. 1:16-cv-830, 2016 WL 7173356 at *5 (W.D. Mich. Dec. 9, 2016). Accordingly, plaintiff's motion to amend (docket no. 10) should be denied.

### B.   Defendant Tackett's motion for summary judgment

#### 1.   Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for

8

> summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id.* at 405. Finally, although plaintiff did not file a response to the motion for summary judgment, his complaint included a "sworn declaration to the above allegations" pursuant to 28 U.S.C. § 1746. *See* Compl. at PageID.5. As discussed, plaintiff's "verified" complaint has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment. *See Lavado*, 992 F.2d at 605. Accordingly, the Court will note plaintiff's factual statements set forth in his complaint to the extent those facts conflict with other matters in the record.

   2.   **Eighth Amendment claim**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the

9

Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "The contemporary standards of civilized decency that currently prevail in society determine whether conditions of confinement are cruel and unusual." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004), citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson*, 503 U.S. at 8.

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Id.* at 8-9. To establish the objective component, extreme deprivations are required and only deprivations denying "the minimal civilized measure of life's necessities" are grave enough to create a violation of the Cruel and Unusual Punishment Clause. *Hadix*, 367 F.3d at 525, citing *Hudson*, 503 U.S. at 9, and quoting *Rhodes*, 452 U.S. at 347.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the

subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Here, if defendant Tackett performed the acts as alleged in the verified complaint, i.e., that he intentionally closed a 300-pound prison door on plaintiff's pinky finger, resulting in stitches, surgery and nerve damage, *see* Compl. at PageID.3-5, then such actions would violate the Eighth Amendment. In his affidavit, defendant Tackett denied that he caused this injury, stating:

4. On August 30, 2014, I was assigned on B-wing in Housing Unit #7, but I was not working in the security bubble. That day, Turner [plaintiff] was locked in cell 7-126 L, which is located on B-wing in Housing Unit #7.

\*   \*   \*

6. In Turner's complaint, he states that he was pushing open his cell door when the officer who was working in the security bubble electronically closed the door on him.

7. In Turner's grievance (Attachment A, ECF-2014-09-2489-17A) ["2489"], he states that, as he was exciting [sic] his cell, he attempted to close his door when the unit officer electronically closed the door on him. This suggests that Turner closed the cell door on his own hand by rolling the door manually.

8. Based on my experience, it would have been extremely difficult, if not impossible, for Turner to manually open or close his cell door.

9. I did not see how Turner's injury happened.

> 10. I was notified that Turner was bleeding and I reported to his cell. I found Turner inside washing his hands. I saw that it was a relatively minor injury.
>
> 11. Healthcare was contacted and assessed the injury. He was then sent to West Shore Medical Center for stitches.
>
> 12. At all times I dealt with prisoner Turner professionally and I did not use any derogatory statements.

Tackett Aff. (docket no. 7-3, PageID.47-48). Treating plaintiff's verified complaint as an affidavit, *see Lavado*, 992 F.2d at 605, there is a genuine issue of material fact as to whether defendant Tackett was the officer in the bubble who operated the door. This factual dispute precludes a grant of summary judgment in favor of defendant Tackett.

### 3. Qualified immunity

Next, defendant Tackett contends that he is entitled to summary judgment on the affirmative defense of qualified immunity.[2] Under this affirmative defense, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The dispositive question is whether the violative nature of the particular conduct at issue in the lawsuit is clearly established. *See Mullenix v. Luna*, -- U.S. --, 136 S. Ct. 305, 308 (2015). "A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Carroll v. Carman*, -- U.S. --, 135 S. Ct. 348, 350 (2014). "In

---

[2] The Court notes that because defendant has not filed an answer in this action, he has not pled the affirmative defense of qualified immunity, but has raised it in the context of a motion for summary judgment. *See generally, Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("Defendant has the burden of pleading qualified immunity in his answer . . . It is for the official to claim that his conduct was justified by an objectively reasonable belief that it was lawful.").

other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* Thus, the doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Carroll*, 135 S. Ct. at 350.

When a defendant raises the issue of qualified immunity on summary judgment, "[t]he ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). Although the plaintiff bears the ultimate burden, "[t]he defendant bears the initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Id.* Once this is accomplished, "the burden shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in his position would have clearly understood that he was under an affirmative duty to refrain from such conduct." *Id.* To meet his burden on summary judgment, a plaintiff must show (1) that a constitutional right was violated, and (2) that the right was clearly established at the time of the violation. *Chappell v. City Of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). The court may exercise its discretion to decide which prong of the test to address first in light of the circumstances of the case. *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir 2011), citing *Pearson v. Callahan*, 555 U.S. 223, 232-33 (2009).

In his motion, defendant Tackett stated that he did not operate the door, that he was the first officer to respond to the situation, and that his actions were objectively reasonable. Defendant's Motion at PageID.35. However, as discussed, *supra*, genuine issues of material fact exist as to the identity of the MDOC employee who closed the door on plaintiff's finger. Assuming, as this Court must, that Tackett was the MDOC employee who operated the door as set forth in

13

plaintiff's verified complaint, then his actions would have violated plaintiff's Eighth Amendment rights.  Factual questions presented by the record preclude granting defendant Tackett summary judgment on his qualified immunity defense.  Accordingly, Tackett's motion should be denied as to this claim.

### 4. Eleventh Amendment immunity

Finally, defendant Tackett's seeks summary judgment on the claim that Tackett violated plaintiff's constitutional rights while acting in his "official capacity as a corrections officer for Oaks Correctional Facility."  Compl. at PageID.2.  Plaintiff's claim for monetary damages against Tackett in his official capacity is barred by Eleventh Amendment immunity.  *See Will v. Department of State Police*, 491 U.S. 58, 64-71 (1989); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) ("the Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities").  Accordingly, Tackett's motion for summary judgment should be granted as to the "official capacity" claim.

### III. Recommendation

For these reasons, I respectfully recommend that defendant's motion for summary judgment (docket no. 6) be **GRANTED** as to plaintiff's claim that defendant Tackett violated his constitutional rights while acting in his "official capacity" and **DENIED** in all other respects.

I further recommend that plaintiff's motion to amend (docket no. 10) be **DENIED**.

Dated:  February 27, 2017         /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).